**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-2368**

JIN JIE LIN,

                Petitioner,

     v.

ERIC H. HOLDER, JR., Attorney General,

                Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: June 9, 2011          Decided: June 28, 2011

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Eric Zheng, New York, New York, for Petitioner. Tony West, Assistant Attorney General, Stephen J. Flynn, Assistant Director, Jeffrey R. Meyer, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jin Jie Lin, a native and citizen of the People's Republic of China, petitions for review of an order from the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his applications for asylum, withholding from removal and withholding under the Convention Against Torture. Lin claims the adverse credibility finding was not supported by substantial evidence and that he met his burden of showing he was entitled to the requested relief. We deny the petition for review.

The Immigration and Nationality Act (INA) authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2006). The INA defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2006). "Persecution involves the infliction or threat of death, torture, or injury to one's person or freedom, on account of one of the enumerated grounds. . . ." Li v. Gonzales, 405 F.3d 171, 177 (4th Cir. 2005) (internal quotation marks and citations omitted).

An alien "bear[s] the burden of proving eligibility for asylum," Naizgi v. Gonzales, 455 F.3d 484, 486 (4th Cir. 2006); see 8 C.F.R. § 1208.13(a) (2011), and can establish

2

refugee status based on past persecution in his native country on account of a protected ground. Id. § 1208.13(b)(1). "An applicant who demonstrates that he was the subject of past persecution is presumed to have a well-founded fear of persecution." Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004).

Without regard to past persecution, an alien can establish a well-founded fear of persecution on a protected ground. Id. The well-founded fear standard contains both a subjective and an objective component. The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution. Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir. 2006). "The subjective component can be met through the presentation of candid, credible, and sincere testimony demonstrating a genuine fear of persecution . . . . [It] must have some basis in the reality of the circumstances and be validated with specific, concrete facts . . . and it cannot be mere irrational apprehension." Li, 405 F.3d at 176 (internal quotations and alterations omitted).

To establish eligibility for withholding of removal, an alien must show "that it is more likely than not" that, if he was removed to his native country, his "life or freedom would be threatened" on a protected ground. 8 U.S.C. § 1231(b)(3)(A) (2006); Camara v. Ashcroft, 378 F.3d 361, 370 (4th Cir. 2004).

3

Unlike asylum, withholding of removal is mandatory for anyone who makes this showing.

A trier of fact who rejects an applicant's testimony on credibility grounds must offer "specific, cogent reason[s]" for doing so. Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989). "Examples of specific and cogent reasons include inconsistent statements, contradictory evidence, and inherently improbable testimony . . . ." Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006) (internal quotation omitted). This court accords broad, though not unlimited, deference to credibility findings supported by substantial evidence. Camara, 378 F.3d at 367.

The REAL ID Act of 2005 amended the law regarding credibility determinations for applications for asylum and withholding of removal filed after May 11, 2005, as is the case here. Such determinations are to be made based on the totality of the circumstances and all relevant factors, including "the demeanor, candor, or responsiveness of the applicant," the plausibility and consistency of all of the applicant's statements, "and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii) (2006).

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-

4

<u>Zacarias</u>, 502 U.S. 478, 481 (1992). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." <u>Id.</u> at 483-84; <u>see</u> <u>Rusu v. INS</u>, 296 F.3d 316, 325 n.14 (4th Cir. 2002). Furthermore, "[t]he agency decision that an alien is not eligible for asylum is 'conclusive unless manifestly contrary to the law and an abuse of discretion.'" <u>Marynenka v. Holder</u>, 592 F.3d 594, 600 (4th Cir. 2010) (quoting 8 U.S.C. § 1252(b)(4)(D) (2006)).

We have reviewed Lin's challenges to the adverse credibility finding and conclude that the immigration judge's finding is supported by substantial evidence. The immigration judge provided specific and cogent reasons for finding Lin was not credible. We also conclude that substantial evidence supports the finding that Lin failed to establish a well-founded fear of persecution or that it was more likely than not that he will be tortured when he returns to China.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>

5